NO. 07-01-0217-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 1, 2002

_____

MONTY LONDON D/B/A LONDON CABINET & TRIM;
CITICORP MORTGAGE, INC.; AND NABIL AND ADIL ATTAYA, APPELLANTS

V.

TRINITY FLOOR COMPANY, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-507215; HONORABLE MACKEY HANCOCK, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellants Citicorp Mortgage, Inc., and Nabil and Adil Attaya challenge a summary judgment that appellee Trinity Floor Company recover $57,736.26 on its claim for foreclosure of its mechanic's and materialman's lien on a residence. Because the summary judgment is interlocutory and unappealable, we must dismiss for want of jurisdiction.

On August 20, 1999, Trinity, a subcontractor, filed suit against contractor Monty London, d/b/a London Cabinet & Trim, Citicorp, and Nabil and Adil Attaya for floor work completed at a residence owned by Citicorp and later sold to the Attayas. On September 23, 1999, Citicorp and the Attayas filed their original answer and special exceptions. London failed to appear and answer the lawsuit and a default judgment was entered against him on November 22, 1999.

On March 3, 2000, Citicorp and the Attayas filed a cross-action against London alleging that the work performed by London on the residence was incomplete and substandard, forcing Citicorp to reduce the contract price of the residence in its negotiations with the Attayas. London filed a general denial in response to the cross-action.

Trinity filed a motion for partial summary judgment on March 30, 2000, alleging that it established each of the elements of its claims and that there was no evidence to support any of the affirmative defenses asserted by Citicorp and the Attayas. On February 20, 2001, the trial court granted Trinity's motion and ordered foreclosure and sale of the residence in question to satisfy judgment in the amount of $57,736.26.

By its brief, Citicorp and the Attayas question whether the summary judgment in favor of Trinity is final contending that the cross-action filed by them against London was neither addressed nor disposed of by summary judgment. When there has not been a

conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 201 (Tex. 2001). Nothing in this record indicates disposition of the cross-action filed on March 30, 2000, by Citicorp and the Attayas against London. Thus, the summary judgment is interlocutory and not subject to appeal. Therefore, this Court is without power to review it and has jurisdiction only to dismiss the appeal. Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790 (Tex. 1965).

Accordingly, the appeal is dismissed for want of jurisdiciton.


Don H. Reavis
Justice


Do not publish.